IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

William Taylor, #306746,                    )
                                            ) C/A No. 1:17-2514-MBS
                  Plaintiff,                 )
                                            )
      vs.                                    )
                                            )        **O R D E R**
Ridgeland Correctional Institution,          )
et al.,                                      )
                                            )
                  Defendants.                )
_____)

Plaintiff William Taylor is an inmate in custody of the South Carolina Department of

Corrections who currently is housed at Ridgeland Correctional Institution in Ridgeland, South

Carolina. Plaintiff, proceeding pro se and in forma pauperis, filed a complaint on September 18,

2017, alleging that Defendants violated his constitutional rights. See 42.U.S.C. § 1983. In

accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United

States Magistrate Judge Shiva V. Hodges for pretrial handling.

On September 26, 2017, the Magistrate Judge issued an order directing Plaintiff to bring his

complaint into proper form by (1) completing a standard complaint form; (2) paying the $350.00

filing fee or completing an Application to Proceed Without Prepayment of Fees and Affidavit (Form

AO 240); (3) completing a Financial Certificate if he intended to proceed without prepayment of the

filing fee; (4) completing a summons form listing all Defendants; and (5) completing a Form USM-

285 for each Defendant. Plaintiff was cautioned that his failure to bring the case into proper form

could result in the case being dismissed. Plaintiff filed no response to the Magistrate Judge's order.

On October 20, 2017, the Magistrate Judge issued a second proper form order. After Plaintiff did

not respond, the Magistrate Judge issued a Report and Recommendation on November 17, 2017, in

which she recommended that the case be dismissed without prejudice for failure to prosecute. <u>See</u> Fed. R. Civ. P. 41(b). Plaintiff filed no response or objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. <u>Mathews v. Weber</u>, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. <u>Id.</u> In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed, *without prejudice*, pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December _14_, 2017